IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-10848
Summary Calendar

ELINDA ORTEGA

Plaintiff - Appellant

V.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas, Lubbock
USDC No. 5:06-CV-204

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Elinda Ortega seeks disability benefits under Title II and Title XVI of the Social Security Act. The administrative law judge ("ALJ") denied her application. Both the Appeals Council and the district court affirmed.

An individual is disabled under the Social Security Act if his "physical or mental impairments" preclude him from "engag[ing] in any . . . kind of substantial gainful work which exists in the national economy." 42 U.S.C. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

423(d)(2)(A). The ALJ found that Ortega was not disabled because she could perform various light-work jobs that existed in significant numbers in the national economy. While the opinion of Ortega's treating physician arguably supported her claim, the ALJ concluded that substantial evidence showed that Ortega was not disabled. Ortega contends that the ALJ erred because substantial evidence does not support the ALJ's ruling, and the ALJ improperly considered the testimony of the vocational expert.

"This Court limits its review of a denial of disability insurance benefits to two issues: (1) whether the [ALJ] applied the proper legal standards, and (2) whether the [ALJ's] decision is supported by substantial evidence on the record as a whole." Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). After a careful review of the record, we find that the ALJ applied the proper legal standards, and substantial evidence supports the ALJ's ruling. Therefore, we AFFIRM.